**In re WCI STEEL, INC.,
et al., Debtors.**

**Wilmington Trust, Co.,
et al., Plaintiffs,**

**v.**

**WCI Steel, Inc., et al., Defendants.**

**Bankruptcy No. 03–44662.**

**Adversary No. 03–4446.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

June 8, 2004.

David Fusco, Schwarzwald & McNair, Cleveland, OH, for the United Steelworkers of America, AFL–CIO, CLC.

Adam C. Rogoff, Cadwalder, Wickersham & Taft LLP, New York City, for the Renco Group.

Michael A. Gallo, Nadler, Nadler & Burdman Co., LPA, Youngstown, OH, Thomas Moers Mayer, James McCarroll, Angelo, Gordon & Co., New York City, for the Secured Noteholders.

Shereasse Pratt Louis, for the Pension Benefit Guaranty Corporation.

G. Christopher Meyer, Christine Pierpont, Squire, Sanders & Dempsey LLP, Cleveland, OH, for WCI Steel, Inc., et al.

Amy M. Tonti, Reed Smith LLP, Pittsburgh, PA, for the Official Committee of Unsecured Creditors.

Sean Gordon, Cleveland, OH, for Bank One Trust Company, N.A.

## ORDER GRANTING DEBTORS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFFS' CROSS–MOTION

MARILYN SHEA–STONUM, Bankruptcy Judge.

This matter is before the Court on (1) WCI Steel, Inc.'s (the "Debtor" or "WCI," and together with its five subsidiaries, the "Debtors") Motion for Judgment on the Pleadings (the "Motion") [docket # 30]; (2) the Motion of Renco Group, Inc. ("Renco") for Judgment on the Pleadings [docket # 33]; (3) the Plaintiffs'[1] Cross–Motion for Judgment on the Pleadings (the "Cross–Motion") [docket # 39], (4) WCI's Memorandum in Opposition to Plaintiffs' Cross–Motion for Judgment on the Pleadings and Reply Memorandum in Support of WCI's Motion for Judgment on the Pleadings [docket # 40]; (5) Memorandum of Law of United Steel Workers of America (the "Union") in Support of Motion of WCI for Judgment on the Pleadings and in Opposition to Cross–Motion of Plaintiffs for Judgment on the Pleadings [docket # 42]; (6) Defendant Bank One Trust Company, N.A.'s Memorandum in Opposition to Plaintiffs' Cross–Motion for Judgment on the Pleadings [docket # 43]; (7) Response of The Pension Benefit Guaranty Corporation in Opposition to the Plaintiffs' Cross–Motion for Judgment on the Pleadings [docket # 44]; and (8) Defendant Renco's Memorandum in Opposition to Plaintiffs' Cross–Motion for Judgment on the Pleadings and Reply Memorandum in Further Support of WCI's and Renco's Motion for Judgment on the Pleadings [docket # 45].

The Debtors, Renco and the Secured Noteholders entered into certain stipulations (the "Stipulations") filed with the Court on November 7, 2003 [docket # 12].

In addition, on the Court's own motion, the Court requested that the parties to the adversary proceeding supply the Court

---

1. The Plaintiffs are Wilmington Trust Company, as successor indenture trustee for $300 million principal amount of 10% Senior Secured Notes secured by substantially all of the Debtors' real property, plant and equipment and twelve institutions collectively holding in excess of $200 million principal amount of the Notes (also collectively referred to as the "Secured Noteholders").

with the payment history (the "Payment History") concerning WCI's Pension Plan (as defined below) for the years 2000 forward. Therefore, pursuant to Fed. R.Civ.P. 12(c) as incorporated by Fed. R. Bankr.P. 7012(b), the Motion and Cross-Motion will be treated as motions for summary judgment pursuant to Fed.R.Civ.P. 56 as incorporated by Fed. R. Bankr.P. 7056. WCI filed the Payment History concerning the Pension Plan, along with a declaration in support [docket # 47, as supplemented by docket # 48]. The Court allowed all parties an opportunity to provide additional relevant information to the Court on or before June 2, 2004. No party provided additional information to the Court.

### Jurisdiction

This proceeding arises in a case referred to this Court by the Standing Order of Reference entered in this District on July 16, 1984. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F) and (O) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). Based upon the pleadings on file in this adversary proceeding and Debtors' main case, the Payment History and the Stipulations, which the Court incorporates by this reference, the Court notes the following stipulated and record facts and reaches the following conclusions of law.

### Facts

WCI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 16, 2003 (the "Petition Date"). WCI has continued to operate and manage its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

The Debtor is the sponsor of the WCI Steel, Inc.—USWA Pension Plan, a defined benefit pension plan (the "Pension Plan"). *See* Stipulation # 2, Amended Complaint ¶ 13 and Debtor's Answer to Amended Complaint. The Pension Plan was established pursuant to the terms of that certain pension agreement between WCI and the Union, effective September 1, 1995, as replaced by agreement of WCI and the Union with the Pension Agreement effective as of September 1, 1999 (the "Pension Agreement"). *See* Exhibit 1 to WCI's Answer to Amended Complaint. No party disputes that the Pension Agreement is a collective bargaining agreement as that term is used in section 1113 of the Bankruptcy Code.

Section 8.1 of the Pension Agreement provides in pertinent part:

> The contributions to the trust shall be paid at such time or times and in such amounts as the Board of Directors of the Company shall determine, but the aggregate of such contributions in each calendar year shall not be less than that required by the applicable provisions of federal law. The termination of the other provisions of this Agreement shall not affect the validity of the covenant which shall remain binding upon the Company until it shall have been fully performed.

WCI is required to make minimum funding contributions to the Pension Plan of more than $5 million per quarter. *See* Amended Complaint, ¶ 16. As required, WCI has made timely quarterly payments in the approximate amount of $5 million each. *See* Payment History. After the Petition Date, WCI has continued to make these quarterly payments. *See* Payment History.

### Conclusions of Law

Through their Amended Complaint and under the guise of section 549 of the Bankruptcy Code, the Secured Noteholders seek (1) to avoid and recover certain post-petition transfers, referred to as the "Pension Payments" in the Amended Complaint, made by WCI and (2) to obtain a

declaratory judgment that WCI is precluded from making any further Pension Payments. In the Motion, WCI suggests that the Secured Noteholders can prove no set of facts in support of their claim that would entitle them to relief. Because the Court requested the submission of additional factual information, this matter will be treated as a motion for summary judgment. The Court believes that there is no genuine issue of material fact and WCI is entitled to judgment as a matter of law.

A court shall grant a party's motion for summary judgment "if...there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056.

> Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*DiCarlo v. Potter,* 358 F.3d 408, 414 (6th Cir.2004). The party moving for summary judgment bears the initial burden of showing the court that there is an absence of a genuine dispute over any material fact, *Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir.1994) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), and, upon review, the court should draw all reasonable inferences in favor of the nonmoving party. *DiCarlo v. Potter,* 358 F.3d 408, 418–19 (6th Cir.2004); *Searcy v. City of Dayton,* 38 F.3d 282, 285 (6th Cir.1994); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir.1991). A material fact is one that must be decided before there can be a resolution of the substantive issue that is the subject of the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On cross-motions for summary judgment, "the Court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *BF Goodrich Co. v. United States Filter Corp.,* 245 F.3d 587, 592 (6th Cir.2001).

■ The Court finds that there are no factual disputes in this matter, rather only questions of law. The Secured Noteholders make an attempt in their Cross–Motion to raise a factual dispute based on the meaning of section 8.1 of the Pension Agreement. The Court finds the Secured Noteholders' arguments in this respect unpersuasive. As the party claiming the ambiguity, the Secured Noteholders had the burden of bringing forth some evidence to support their claim of ambiguity. *See GenCorp, Inc. v. American International Underwriters,* 178 F.3d 804, 818–19 (6th Cir.1999). The Court finds that Section 8.1 of the Pension Agreement is unambiguous and the Debtor's interpretation of the provision is the only reasonable interpretation. The phrase "applicable provisions of federal law" as used in section 8.1 of the Pension Agreement governs the aggregate amount of the Pension Payments.

■ Section 549 of the Bankruptcy Code provides that the trustee may avoid a post-petition transfer of property of the estate if the transfer. is "not authorized under this title [the Bankruptcy Code] or by the court." As discussed more fully below, the Court believes that the Pension Payments are authorized under the Bankruptcy Code,[2] specifically, 11 U.S.C.

---

**2.** Under section 363(c)(1) of the Bankruptcy Code payments made in the ordinary course of a debtor's business are authorized and are not avoidable under section 549(a) of the

§ 1113(f) [3], and the decision of the United States Court of Appeals for the Sixth Circuit in *United Steelworkers of America v. Unimet Corp. (In re Unimet Corp.)*, 842 F.2d 879 (6th Cir.1988). The Secured Noteholders do not dispute that this Court's decision is controlled by the holding in *United Steelworkers of America v. Unimet Corp. (In re Unimet Corp.)*, 842 F.2d 879 (6th Cir.1988). *See* Cross–Motion, fn 1.

In *Unimet*, the Sixth Circuit held that a debtor is required to comply with all provisions of a collective bargaining agreement, including those provisions requiring the debtor to make payments on account of pre-petition obligations, unless and until rejection is approved by the Court. *In re Unimet*, 842 F.2d 879 (reading 11 U.S.C. § 1113 as leading to the conclusion that Congress intended to give broad protection to collectively bargained for rights which are threatened by a corporate reorganization). The Sixth Circuit's decision in *Unimet* requires this Court to find that the Pension Payments are authorized under the provisions of the Bankruptcy Code and obligates the Debtor to make the pension payments even if the requirements of Bankruptcy Code section 503 are not met. *See In re Youngstown Osteopathic Hospital Assoc.*, Case No. 99–40663 (Bankr. N.D.Ohio, February 24, 2000) (requiring the union's claims for delinquent pre-petition contributions to the debtor's health

and welfare fund provided for in a collective bargaining agreement to be paid before administrative expenses); *United Steelworkers of America, AFL–CIO, CLC v. Ohio Corrugating Co.*, 1991 U.S. Dist. LEXIS 18815 (N.D.Ohio March 15, 1991); *In re Simetco, Inc.*, 1995 WL 813719, 1995 Bankr.Lexis 1194 (Bankr.N.D.Ohio Aug. 9, 1995).

Under controlling Sixth Circuit authority and pursuant to section 1113(f) of the Bankruptcy Code, WCI is required to perform all of its obligations under the Pension Agreement, including making the Pension Payments. Therefore, the Pension Payments are authorized under the provisions of the Bankruptcy Code and are not avoidable post-petition transfers under section 549 of the Bankruptcy Code.

## Conclusion

For the reasons stated above, the Court finds there are no genuine issues of material fact and WCI, and the other defendants, are entitled to judgment as a matter of law. Therefore, the Motion is granted and the Cross–Motion is denied.

IT IS SO ORDERED.

---

Bankruptcy Code. Based on the Payment History the Court believes that the Pension Payments are likely payments made in the ordinary course of WCI's business. Had the Payment History not shown such consistent behavior with respect to the quarterly payments, the Court might have viewed the issues before it differently. In this instance, however, the record is devoid of any suggestion that the Debtor only began making the Pension Payments post-petition in order to benefit Renco at the expense of the Secured Noteholders. Thus, in light of the controlling authority in the Sixth Circuit authorizing the

Pension Payments and obligating a debtor to pay them even if Bankruptcy Code section 503 standards are not met, the Court does not develop the ordinary course analysis further.

**3.** Section 1113(f) of the Bankruptcy Code provides, "No provision of this title shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section."